
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY R. MORRIS, | § | Case No. 10-41017 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| LINDA PAYNE, CHAPTER 7 TRUSTEE | § | |
| OF THE BANKRUPTCY ESTATE OF | § | |
| GARY R. MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 12-4052 |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING DEFENDANT'S MOTION TO DISMISS**

This proceeding is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. The plaintiff opposes the motion. The Court exercises core jurisdiction over this adversary proceeding and the plaintiff's motion in accordance with 28 U.S.C. §§ 157 and 1334. This memorandum opinion contains the Court's findings of fact and conclusions of law with respect to the motion in accordance with Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

**I. Procedural Background**

The debtor, Gary R. Morris, filed a Chapter 11 bankruptcy petition on April 2, 2010. The debtor stated in his bankruptcy schedules that he had been self-employed as

an investor for 20 years. The U.S. Trustee moved to convert the debtor's case to chapter 7 based on the debtor's failure to comply with the requirements of chapter 11, among other things, and the debtor ultimately agreed to the conversion of his case.

The Court entered an agreed order converting the case to chapter 7 on December 16, 2010. The Court thereafter appointed the plaintiff to serve as the bankruptcy trustee for the chapter 7 case. The Bankruptcy Code, 11 U.S.C. § 546, generally provides that a bankruptcy trustee must bring an action to avoid fraudulent or preferential transfers within two years of the petition date.

The plaintiff initiated a number of adversary proceedings on April 2, 2012, including the present one. The plaintiff alleges in her complaint that the debtor "may have made transfers of software, technology, intellectual property rights or other value to Defendant or for the benefit of Defendant" and may also have "executed documents and made other obligations in favor of Defendant or for the benefit of Defendant" within 90 days, two years, or four years of the petition date, or after the petition date. The plaintiff alleges that the value of these transfers may be in excess of $100,000. She asserts seven claims in her complaint: (1) a preference claim under 11 U.S.C. § 547; (2) a fraudulent transfer claim under 11 U.S.C. § 548; (3) a fraudulent transfer claim under 11 U.S.C. § 544(b) and the Texas Uniform Fraudulent Transfer Act, *see* TEX. BUS. & COM. CODE §§ 24.001 *et seq.*; (4) a claim for unauthorized post-petition transfers under 11 U.S.C. § 549; (5) a claim for accounting and turnover under 11 U.S.C. § 542; (6) a claim breach of contract; and (7) a claim for quantum meruit and unjust enrichment under Texas law.

The defendant moves to dismiss all of the claims in the plaintiff's complaint pursuant to Rule 12(b)(6). The defendant alternatively requests a more definite statement

of the plaintiff's claims under Rule 12(e). The plaintiff opposes the defendant's motion, arguing that her complaint is sufficient as filed.

## II. Dismissal Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). Rule 8(a)(2) states that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, a complaint must contain facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## III. Discussion

In reviewing the plaintiff's complaint in this proceeding, this Court has had significant difficulty in locating factual allegations, as opposed to legal conclusions. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). As the Supreme Court explained, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Supreme Court in *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679. First, a court must identify those pleadings that are not supported by factual allegations,

"because they are no more than conclusions, [and] are not entitled to the assumption of truth." *Id.* Second, upon identifying well-pleaded factual allegations, the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Here, the "facts" alleged by the plaintiff are speculative and vague. The plaintiff alleges that the City "may have" received transfers of an uncertain nature in an uncertain amount at some point before or after the debtor's bankruptcy. The plaintiff does not allege any specific transfer or when or how any specific transfer might have occurred or any facts upon which the Court might infer the debtor possessed the requisite intent for the plaintiff's fraud claims. The Court finds and concludes that the plaintiff's complaint falls woefully short of the requirements of Rules 8 and 12(b)(6).

## IV. Conclusion

For the reasons set forth above, the Court concludes that the plaintiff's complaint fails to state a claim upon which relief can be granted under any of the seven counts. The plaintiff, however, requests leave to amend her complaint. As a general matter, this Court grants leave to amend pleadings "freely ... when justice so requires." FED.R.CIV.P. 15(a). *See Jebaco Inc. v. Harrah's Operating Co. Inc.,* 587 F.3d 314, 322 (5th Cir. 2009) (explaining that "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or

4

amendment would be futile"). The plaintiff has not previously amended her complaint, and an amendment would not prejudice the defendant. It is therefore **ORDERED** that the plaintiff may file an amended adversary complaint within fourteen (14) days of the date of this order. It is further **ORDERED** that if the plaintiff fails to file a timely amended complaint, this adversary proceeding will be **DISMISSED** pursuant to Rule 12(b)(6).

Signed on 8/1/2012

*Brenda T. Rhoades*       SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE